UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Curtis J. Jackson, III,

    Plaintiff,

v.   Case No. 9:13-cv-80725-KAM

Sleek Audio, LLC, Mark Krywko, Michael Krywko, Jason Krywko and Gregory Wysocki,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed.R.Civ.P. 12(b)(1), Defendants Sleek Audio, LLC, a Florida limited liability company, Mark Krywko, Jason Krywko and Gregory Wysocki (collectively, "Sleek"), by and through their undersigned counsel, move this Court to enter an Order dismissing this action for lack of subject matter jurisdiction, and state as follows:

**Introduction**

Plaintiff Curtis J. Jackson, III filed this action under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), seeking to vacate an arbitration award which "granted Sleek's request for certain monetary relief against Jackson and denied Jackson's counterclaims against Sleek and the individual defendants." In other words, Sleek won every claim, and Jackson lost every claim. (Complaint, ¶ 13). Jackson's Complaint should be dismissed for lack of subject matter jurisdiction. Jackson's entire case, including his attempt to manufacture "federal question jurisdiction" under 28 U.S.C. § 1332, is an unfounded attempt to avoid or delay confirmation of

a thoughtful and reasoned arbitration award made by an experienced arbitrator who ruled against him.

Jackson has attempted to manufacture federal question jurisdiction through his contrived accusations of a "pattern of rulings adverse to Jackson" due to racism by the Arbitrator, and his blame of the negative result on bias and prejudice rather than evidence. These do not create a federal question and fall squarely under the FAA. As discussed below, the FAA is not a basis for federal court jurisdiction. Jackson's fleeting reference to the United States Constitution is equally unavailing because the Sixth Amendment's Confrontation Clause does not apply to private arbitration proceedings. Sleek respectfully requests that the Complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

## FACTS

On July 26, 2013, Jackson filed his Complaint to Vacate Arbitration Award. [DE 1] The Complaint states that it relates to "an award made in an arbitration between the parties to this case. . . ." (Complaint, preamble). Jackson pleads that the Final Arbitration Award was issued on July 15, 2013 by a single arbitrator hearing the case. (*Id.* at ¶ 11). The arbitration was held in West Palm Beach, Florida. (*Id*. at ¶ 8).

Jackson also claims this Court has subject matter jurisdiction based on 28 U.S.C. § 1331, (*Id.* at ¶ 7), without identifying the federal question(s) purportedly involved in the case. Jackson's claims are simply that the Award violates the FAA, which does not create a federal question.

## ARGUMENT

**The Federal Arbitration Act Cannot Serve as a Basis for Federal Question Jurisdiction**

It is well-settled by the United States Supreme Court that the Federal Arbitration Act does not create federal question jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Const.*

*Corp.*, 460 U.S. 1, 26 n.32 (1983) ("The [Federal] Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 … or otherwise."); *Southland Corp. v. Keating,* 465 U.S. 1, 15 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 … or otherwise."); *Hall St. Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008) ("As for jurisdiction over controversies touching arbitration, the Act does nothing, being "something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis").  Accordingly, any challenges to the Award by Jackson under the FAA cannot support federal question subject matter jurisdiction under 28 U.S.C. § 1332.

### A.    Jackson's Challenges To The Award Are All Based Upon The FAA.

Jackson's only challenges to the Award fall squarely under the FAA and are not bases for subject matter jurisdiction.  For example, Jackson seeks to vacate the Award based upon provisions of Section 10(a) of the FAA, 9 U.S.C. § 10(a), which states:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> >
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Indeed, all of Jackson's challenges to the Award are based in one way or another on provisions of the FAA. Specifically, the Complaint alleges:

- The Arbitrator refused to consider evidence material to the controversy in violation of Section 10(a)(3) of the FAA (Complaint, ¶ 15).

- The Award contains incorrect statements that there was no testimony or evidence on the record regarding "certain material issues relating to Jackson's conduct." (*Id*. ¶ 16). Jackson claims there was such evidence, so that the Arbitrator's alleged failure to agree with Jackson constituted a second failure to consider evidence under FAA Section 10(a)(3).

- The Award failed to adjudicate the matters in controversy because the Award "provides for money damages to be paid to Sleek on projected future sales . . . but it does not specify whether the claim under which those damages were awarded is extinguished for all time. . . ." (*Id*. at ¶ 17). This supposedly violates FAA Section 10(a)(4), which allows the Court to vacate an award where "a mutual, final, and definite award upon the subject matter submitted was not made."

- The Arbitrator was racially biased against Jackson, requiring vacatur under FAA Section 10(a)(2), *i.e.*, "where there was evident partiality or corruption in the arbitrators." (*Id*. at ¶ 18).

- The Arbitrator exceeded his powers under FAA Section 10(a)(4) by deciding and awarding Sleek their attorneys' fees. (*Id*. at ¶¶ 19, 20).

In short, other than the allegations in Paragraph 14 of the Complaint, Jackson links his challenges of the Award to a specific provision of Section 10 of the FAA.

In Paragraph 14, Jackson does not cite to Section 10 of the FAA, but instead claims that the Award allegedly found Jackson liable for the actions of other persons without any factual or legal basis for doing so, in excess of the arbitrator's authority, in manifest disregard of the law, and in "violation of Jackson's rights." (Complaint, ¶ 14). These claims are all FAA-based challenges, most of which are no longer valid in this Circuit. *Frazier v CitiFinancial Corp*, 604

F.3d 1313, 1324 (11th Cir. 2010). Jackson's claim that the Arbitrator exceeded his authority by finding Jackson liable for the actions of other persons without any factual or legal basis for doing so is a FAA Section 10(a)(4) argument (*i.e.*, "where the arbitrators exceeded their powers").

Jackson also argues in Paragraph 14 that the Award was entered in "manifest disregard of the law," which is no longer a valid basis in this Circuit on which to challenge an arbitration award. In *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008), the Supreme Court ruled that a court's review of challenges to arbitration awards under the FAA is limited to the grounds listed in FAA Sections 10 and 11, and cannot be expanded by contract. The Eleventh Circuit has interpreted *Hall Street* as eliminating the non-statutory grounds that previously existed in some federal circuits for the vacatur of arbitration awards, including manifest disregard of the law. *Frazier*, 604 F.3d at 1324 ("We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street*."); a*ccord*, *White Springs Agric. Chemicals, Inc. v. Glawson Investments Corp.,* 660 F.3d 1277, 1280 (11th Cir. 2011); *see also Spungin v. GenSpring Family Offices, LLC*, 883 F. Supp. 2d 1193, 1198 (S.D. Fla. 2012). Accordingly, paragraph 14 does not contain any valid basis to challenge the award.

    **B.**    **Jackson's References To The United States Constitution Do Not Create Federal Question Jurisdiction Due To Lack Of State Action.**

The other thin reed upon which Jackson seeks to base federal question jurisdiction appears to be in Paragraph 15, where he alleges that the Arbitrator "denied Jackson's Constitutional due process right to confront testimony offered against him." (Complaint, ¶ 15). This seems to be an oblique reference to the Confrontation Clause of the Sixth Amendment to the United States Constitution, which states that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him."

Jackson's meritless claim that the Arbitrator improperly restricted any cross-examination is irrelevant because it does not provide subject matter jurisdiction.  If subject matter jurisdiction is based on the existence of a federal question, the pleader must show that he or she has alleged a claim for relief arising under federal law and that the claim is not frivolous.  *See* Wright and Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.).

Jackson cannot manufacture federal question jurisdiction by appending a bare reference to "Jackson's Constitutional procedural due process right" applicable in criminal proceedings to a civil complaint otherwise based solely upon the FAA.  The mere assertion of a deprivation of a federal constitutional right is not sufficient to sustain federal jurisdiction.  *Stanturf v. Sipes,* 335 F.2d 224, 229 (8th Cir. 1964); *Barrow v. Hill*, 774 F.2d 1035 (11th Cir. 1985) ("merely conclusory" allegations that the appellee's conduct transgressed the United States Constitution do not support federal question jurisdiction); *Cellermaster Wines, Inc. v. Chastain*, 530 F. Supp. 714, 715 (S.D. Fla. 1982) ("bare allegations of a constitutional deprivation cannot be used to invoke the federal court's jurisdiction to decide a fundamentally state law question"). The test is whether the complaint raises a "substantial federal question." *Id*.  In *Blacher v. Ridge,* 436 F. Supp. 2d 602 (S.D.N.Y. 2006), the court dismissed for lack of subject matter jurisdiction an employer's lawsuit over the Immigration & Naturalization Service's denial of a visa. *Id*. at 606-608.  Like the FAA, the relevant section of the Immigration and Naturalization Act did not provide jurisdiction. *Id*. at 607.  The employer argued that the denial of the visa petition violated due process of law. *Id*. at 606.  The court disagreed, stating that "there is no constitutionally protected interest in an alien's immigration status to establish federal question jurisdiction in this case." *Id*.  The employer's case was dismissed, as should this case be dismissed.

At least *Blacher* involved action by a governmental entity—the INS. This case and the underlying arbitration proceedings involve no state action, a prerequisite for invoking federal constitutional due process protections. The United States Constitution does not apply to private arbitration proceedings. *Davis v. Prudential Securities, Inc.*, 59 F.2d 1186 (11th Cir. 1995) (it is "axiomatic" that due process protections "do not extend to 'private conduct abridging individual rights,'" but apply only to "state action").

Arbitration is a matter of contract. *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 485 (1989). This was a purely private arbitration proceeding involving civil claims. The proceedings involved neither action by governmental entities nor federal constitutional claims. Accordingly, whatever "rights" Jackson had regarding these arbitration proceedings came from the parties' contracts and the arbitration forum's rules, not the United States Constitution.

The Eleventh Circuit stated it well in *Davis v. Prudential Securities, Inc.*:

> **[W]e agree with the numerous courts that have held that the state action element of a due process claim is absent in private arbitration cases**. *See, e.g., Federal Deposit Ins. Corp. v. Air Florida Sys., Inc.,* 822 F.2d 833, 842 n. 9 (9th Cir.1987) ("The arbitration involved here was private, not state, action; it was conducted pursuant to contract by a private arbitrator. Although Congress, in the exercise of its commerce power, has provided for some governmental regulation of private arbitration agreements, we do not find in private arbitration proceedings the state action requisite for a constitutional due process claim."), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1289, 99 L.Ed.2d 500 (1988); *Elmore v. Chicago & Illinois Midland Ry. Co.,* 782 F.2d 94, 96 (7th Cir.1986) ("[T]he fact that a private arbitrator denies the procedural safeguards that are encompassed by the term 'due process of law' cannot give rise to a constitutional complaint."); *International Ass'n of Heat and Frost Insulators and Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc.,* 814 F.Supp. 392, 402-03 (D.Del.1993) (no state action in arbitration proceedings pursuant to a collective bargaining agreement between private parties); *Austern v. Chicago Bd. Options Exch., Inc.,* 716 F.Supp. 121, 125 (S.D.N.Y.1989) (holding that the conduct of an arbitration panel "did not in any way constitute state action"), *aff'd,* 898 F.2d 882 (2d Cir.), *cert. denied,* 498 U.S. 850, 111 S.Ct. 141, 112 L.Ed.2d 107 (1990). **In the present case, the arbitration was a private proceeding arranged by a**

> **voluntary contractual agreement of the parties. Accordingly, the arbitration proceeding itself did not constitute state action.**

*Davis*, 59 F.3d at 1191 (emphasis added); accord, *Grant v. Rotolante*, 6:13-CV-168-ORL-TBS, 2013 WL 2155076 (M.D. Fla. May 17, 2013) (Alleged constitutional violation in arbitration proceedings did not create federal question jurisdiction because "[p]laintiff has failed to show that the federal government is responsible for the acts of the arbitrators about which he complains."). Accordingly, Jackson's constitutional claim is frivolous.

Moreover, the Arbitrator's decision to limit evidence based on Jackson's actions in discovery is a claim under the FAA, and is not a claim under the Confrontation Clause of the United States Constitution. Jackson claims he was prevented "from cross examining Sleek's expert witness with respect to certain information." What Jackson does not disclose is that Jackson was only limited because of his own actions. Jackson now apparently attempts to characterize legitimate evidentiary ball/strike calls by the Arbitrator as a federal question. There is simply no federal question here. The filing of this case in federal court is a pure delay tactic to postpone confirmation of the arbitration award in state court.

## Conclusion

Subject matter jurisdiction does not exist here and Jackson has been unable to manufacture it. Jackson cannot escape the conclusion that his challenges to the Award are all tied to the Federal Arbitration Act and therefore cannot be a basis for federal question jurisdiction. Sleek respectfully requests that this Court dismiss this action for lack of subject matter jurisdiction in a swift manner.

    Respectfully submitted,

    Kristin M. Ahr, Esq. (063290)
    kahr@broadandcassel.com
    Broad and Cassel

        One North Clematis Street, Suite 500
        West Palm Beach, Florida 33401
        Telephone: 561.832.3300
        Facsimile: 561.655.1109

        Mark F. Raymond, P.A. (373397)
        mraymond@broadandcassel.com
        Rhett Traband, PA (0028894)
        rtraband@broadandcassel.com
        Broad and Cassel
        One Biscayne Tower, 21st Floor
        2 S. Biscayne Blvd.
        Miami, Florida 33131
        Telephone: 305.373.9400
        Facsimile: 305.373.9443

        *Attorneys for Sleek Audio, LLC, Mark Krywko, Michael Krywko, Jason Krywko and Gregory Wysocki*

        AND

        Dennis K. Egan (pro hac vice, pending)
        degan@kotzsangster.com
        Lynn A. Sheehy (pro hac vice, pending)
        lsheehy@kotzsangster.com
        Kotz Sangster Wysocki, P.C.
        400 Renaissance Center, Suite 3400
        Detroit, Michigan 48243

        *Attorneys for Sleek Audio, LLC*

        /s/ Kristin M. Ahr
        Kristin M. Ahr, Esq.

Dated: August 9, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2013, a true and correct copy of the foregoing was filed using the Clerk's CM/ECF system, which will send a notice of electronic filing to: **(i)** R. Bruce Beckner, Esq., bbeckner@gsblaw.com, Garvey Schubert Barer, 1000 Potomac Street, N.W., Fifth Floor, Washington, DC 20007 (Counsel for Plaintiff Curtis J. Jackson, III); and **(ii)** John F. Mariani, Esq., jmariani@shutts.com, Shutts & Bowen, LLP, 525 Okeechobee Blvd, 1100 CityPlace Tower, West Palm Beach, FL 33401 (Co-Counsel for Plaintiff Curtis J. Jackson, III).

/s/ Kristin M. Ahr
Kristin M. Ahr,