IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-CIV-80725-MARRA

CURTIS J. JACKSON, III, §
　　　　　　　　　　　　　　§
　　　　　Plaintiff §
　　　　　　　　　　　　　　§
　vs. §
　　　　　　　　　　　　　　§
SLEEK AUDIO, LLC, MARK KRYWKO, §
MICHAEL KRYWKO, JASON KRYWKO, §
and GREGORY WYSOCKI, §
　　　　　　　　　　　　　　§
　　　　　Defendants. §
_____/

MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   Preliminary Statement**

This is an action to vacate an arbitration award that addressed claims brought by Sleek Audio, LLC ("Sleek") against the plaintiff Curtis J. Jackson III ("Jackson") and claims brought by Jackson against Sleek and the other defendants here. The Court has subject matter jurisdiction because one of Jackson's claims raises a substantial federal question, and the other claims that arise from the same arbitration award should be adjudicated contemporaneously by the exercise of this Court's supplemental jurisdiction. Jackson does not contend, as the defendants incorrectly argue, that the Federal Arbitration Act ("FAA") itself confers federal subject matter jurisdiction over this action; nor does he rely on constitutional procedural due process to establish subject matter jurisdiction. Rather, the federal question on which Jackson relies to establish the Court's subject matter jurisdiction is the result of the arbitrator's incorrect

determination that a preemptive effect of the FAA gave him the *authority* to determine the amount of attorneys' fees awarded to the defendants, notwithstanding state law to the contrary.

Jackson claims, under 9 U.S.C. §10(a)(4), that the arbitrator's award of an amount of attorneys' fees to the defendants should be vacated because the arbitrator lacks authority to make such an award. To resolve this claim, the Court must consider whether the FAA preempts the Florida Arbitration Act and empowers an arbitrator to determine the amount of attorneys' fees, as the Final Award asserts. Jackson submits that federal law does not preempt the state law limiting the arbitrator's authority to make such a determination.

It is well-established that federal preemption, when properly pled by a plaintiff, creates federal question subject matter jurisdiction. The federal question presented by Jackson's complaint is "substantial": in dollar terms, the attorneys' fees awarded are 34 percent of the damages award and 25 percent of the total award (*See* Final Award at p.15); and in legal terms, the Final Award nullifies a controlling state statute. Defendants' motion to dismiss for lack of subject matter jurisdiction should be denied.

**II.     Argument**

    **A.   In the Contracts Providing for Arbitration, the Parties Adopted Florida Law To Govern both Interpretation and Enforcement of the Contract.**

The arbitration that is the subject of this civil action was brought under three contracts among the parties: the "Second Amended and Restated Operating Agreement" for Sleek Audio, LLC (the "Operating Agreement"); and two securities purchase agreements between Jackson and Sleek Audio, LLC, memorializing his equity investment in Sleek Audio. Jackson made claims under the Securities Purchase Agreements and the Operating Agreement, which the arbitrator denied. Sleek Audio made claims under the Operating Agreement and relating to the Operating

Agreement, under which the arbitrator awarded it attorneys' fees and expenses, as the prevailing party.[1]

The Operating Agreement provides that "This Agreement shall be *construed and enforced* in accordance with and governed by the internal laws of the State of Florida without regard to the choice or conflict-of-law principles or rules that may cause the application of laws of any jurisdiction other than the State of Florida." *See* Operating Agreement §9.2 (emphasis added). In this manner, Jackson and all of the defendants – each of whom is a signatory to the Operating Agreement – bound themselves to Florida law, including to Florida Statute §682.11, which is the statute that vests exclusive authority in the courts to determine the amount of attorneys' fees to be awarded to the prevailing party in an arbitration.

### B. Florida Law Reserves to the Courts the Power To Determine the Amount of Attorneys' Fees To Be Awarded a Prevailing Party.

Florida law requires: "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpires' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award." Fla. Stat. § 682.11 (1993) (emphasis added). The Supreme Court of Florida has held that the "not including counsel fees" clause of section 682.11 is prohibitory and means that "an arbitrator may not include attorney's fees in his award of expenses and fees incurred during arbitration proceedings." *Fewox v. McMerit Construction Co.,* 556 So.2d 419, 421 (Fla. 2d DCA 1989), *aff'd sub nom. Insurance Co. of North America v. Acousti Engineering Co.* 579 So.2d 77

---

[1] Section 9.1 of the Operating Agreement provides, in part, "Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof shall be exclusively resolved by final and binding arbitration."

3

(Fla. 1991).[2]  In *Turnberry Associates v. Service Station Aid, Inc.,* 651 So.2d 1173 (Fla. 1995), the Florida Supreme Court reiterated this principle, adding that "the parties continue to have the right to have the issue of attorney's fees decided by the court if they wish.  The arbitrator has no authority to award fees absent an *express waiver* of this statutory right." *Turnberry*, 651 So.2d at 1175 (emphasis added).  Moreover, the Court in *Turnberry* held that the courts, not arbitrators, must determine if a waiver has occurred: "[W]e will continue to permit *trial courts, in the event a dispute arises, to enjoy exclusive jurisdiction to resolve the factual issue* of whether the parties have waived their statutory right to have the court decide the fee issue." *Id.* (emphasis added).

This continues to be the law in Florida.  In *Raubvogel v. Credit Suisse Securities USA LLC*, 2013 WL 613610 (Fla. 4th DCA 2013), Florida's Fourth District Court of Appeal held that requests for attorneys' fees in initial arbitration pleadings do not amount to a waiver of the statutory right to have a court determine the amount of fees, citing its prior decisions in *Applebaum v. Fayerman,* 937 So.2d 282 (Fla. 4th DCA 2006) and *D.H. Blair & Co., Inc. v. Johnson*, 697 So.2d 912 (Fla. 4th DCA 1997).[3]  In *D.H. Blair*, the court considered arguments that a variety of actions by the parties had waived the provisions of Fla. Stat. §682.11 – such as seeking attorneys' fees in claims and counterclaims, and executing a National Association of Securities Dealers submission agreement that provided that "all controversies or disputes between us of any kind shall be settled by arbitration." *D.H. Blair*, 697 So.2d at 913.  The court

---

[2] In *Insurance Company of North America*, the Florida Supreme Court wrote: "After considering the arguments of the parties and reviewing the decisions below as well as the various decisions which appear in conflict, we agree with the construction given the statutes at issue by the courts below and *adopt the thorough and well-reasoned en banc opinion of the Second District in Fewox [Fewox v. McMerit Construction Co] as our own*. Therefore, consistent with that opinion, we answer the second question certified in the affirmative."  579 So.2d at 79, 80 (emphasis added).

[3] The parties have agreed that Palm Beach County shall be the "sole and proper forum for any litigation arising out of or in connection with the [Second Amended and Restated Operating] Agreement."  Second Amended and Restated Operating Agreement at Article 9.2.  Thus, the decisions of the Florida Supreme Court and the Florida District Court of Appeal for the Fourth District are controlling with respect to issues of Florida law in this case.

held that none of those actions met the *Turnberry* requirement of an express waiver of the statutory right. *Id.* at 914. Rather, the court held that the "express waiver" requirement of *Turnberry* could be met only by an express agreement between the parties to submit the attorneys' fees issue to the arbitrator and to waive the statutory right to a judicial determination of the amount of those fees. *Id*. Thus, under Florida law, the arbitrator may not determine the amount of attorneys' fees to be awarded to a prevailing party in an arbitration when, as here, there is no express waiver of that statutory provision by the parties. The court, not the arbitrator, has the sole power to determine whether or not such a waiver exists.

### C. The Arbitrator Expressly Relied on Federal Preemption To Determine the Amount of Attorneys' Fees Awarded to the Defendants.

In the Final Award, the arbitrator expressly acknowledged Jackson's argument that, under Florida law, the courts have exclusive authority to determine the amount of attorneys' fees to be awarded to the prevailing party, absent an express waiver. Final Award at 5. The Final Award rejects that argument and relies instead on federal preemption: "However, the Federal Arbitration Act, 9 U.S,C, § 1 et seq., and not the Florida Arbitration Code, govern this case. See, e.g., Mastrobono v. Shearson Lehman Hutton, 514 U.S. 52 (1995); Southland Corp. v. Keating, 465 U.S. 1, 104 (1984)." *Id.*[4]

---

[4] Neither of these Supreme Court cases concerns the power of an arbitrator to award attorney fees. Rather, they concern state laws that, respectively, preclude an arbitrator from awarding punitive damages, even though such damages would be available to a successful plaintiff bringing the same claim in court, and preclude the arbitration of certain disputes entirely. While the Motion to Dismiss does not raise the merits of the arbitrator's federal preemption determination, one of Supreme Court decisions cited in the Final Award, *Mastrobono v. Shearson Lehman Hutton*, barred an arbitration plaintiff from receiving all of the relief that he would be entitled to in court. The other, *Southland Corp. v. Keating*, prevented certain claims from being arbitrated at all. By contrast, the Florida statute does not bar a successful party from receiving the attorneys' fees to which it is entitled; it simply shifts the locus of the determination of the amount of those fees from the arbitration venue to the court when the prevailing party seeks to enforce the award.

### D. The Award's Reliance on Federal Preemption To Create Arbitrator's Authority To Determine the Amount of Attorneys' Fees Raises a Question of Federal Law.

The arbitrator's authority to adjudicate the amount of attorneys' fees to be awarded to the prevailing parties is an issue directly raised by Jackson's complaint in this case. Complaint, ¶19. The arbitrator's specific reliance on preemption of the Florida statute by the FAA as the source of authority to determine the amount of fees to be awarded presents a federal question that provides a basis for this Court's jurisdiction. In *Greenberg v. Bear, Stearns &Co*, 220 F.3d 22 (2nd Cir. 2000), the court found federal question jurisdiction where the ultimate disposition of the matter by the federal court "'necessarily depends on resolution of a substantial question of federal law.' [citing] *Barbara v. New York Stock Exchange, Inc.* 99 F.3d 49, 54 (2d Cir. 1996)." That is the posture of this case.

The *Greenberg* court acknowledged that "the fact that the arbitration concerns issues of federal law does not, standing alone, confer federal subject matter jurisdiction. . ." *Id.* However, the controlling question in *Greenberg*, as here, was whether "the nature of the federal question raised in the claim . . . is sufficiently substantial to warrant federal jurisdiction." *Id.* "The greater the federal interest at stake, the more likely it is that federal jurisdiction will be found." *Id.* Applying the judicially created "manifest disregard" test for vacating an award, the Second Circuit held that the analysis "requires the reviewing court to do two things: first determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregards that law." *Id.* at 27. In such an instance, the Second Circuit held, "[t]his process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present." *Id.*

This reasoning was recently adopted and applied by Judge Corrigan of the Middle District of Florida in *Francis v. Landstar System Holdings, Inc.,* 2009 WL 4350250 (M.D. Fla. 2009). *Francis* was an action to vacate an arbitration award involving an employment dispute. On its own motion, the court examined whether it had subject matter jurisdiction, apparently asking both parties to brief the issue. Disagreeing with both parties' position, the court acknowledged that, although the underlying arbitration involved a federal law claim, the resolution of a federal law claim by the arbitrator did not confer federal question subject matter jurisdiction over the court entertaining an action to vacate the award. However, as in *Greenberg*, the plaintiff in *Francis* claimed that the arbitrator's decision misapplied federal law, meaning Title VII of the Civil Rights Act of l964, 42 U.S.C. §2000e, *et seq.* Following the logic of *Greenberg*, the Middle District found federal question subject matter jurisdiction. *Id.* at *5.

Notably, both of these cases involve the "manifest disregard" doctrine as a basis for *vacatur* of an arbitration award, which the Eleventh Circuit held in 2010 was no longer operative. *Frazier v. Citifinancial Corporation, LLC*, 604 F.3d 1313 (2010).[5] While Jackson disagrees that the Supreme Court has eliminated non-statutory criteria for vacating an arbitration award, the vitality or lack thereof of the "manifest disregard" doctrine is not dispositive here. The principles of *Greenberg* and *Francis* apply to this action, because, in those cases, deciding whether the arbitrator had acted in "manifest disregard of the law" (a judicially-created basis for

---

[5] *Frazier* is based on the Eleventh Circuit's reading of the Supreme Court's decision in *Hall Street Associates, LLC v. Mattel, Inc.*, 522 U.S. 576 (2008). The Supreme Court's subsequent decision in *Stolt-Nielsen S.A. v. Animal Feeds International Corp.*, 559 U.S. 662 (2010) expressly clarifies that *Hall Street Associates* did not eliminate the "manifest disregard" standard for *vacatur*. ("We do not decide whether 'manifest disregard' survives our decision in *Hall Street Associates* as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.") Jackson believes that the 11th Circuit decision in *Frazier* is improvident. While *Stolt-Nielsen* was decided three days after *Frazier*, the 11th Circuit's opinion makes no mention of *Stolt-Nielsen*, and it appears that the court did not consider the Supreme Court's characterization of its prior decision in *Hall Street Associates*. Consequently, Jackson believes the long-standing doctrine of "manifest disregard," which derives its roots from a 1953 U.S. Supreme Court decision, is still available to him. Jackson wishes to preserve that argument for appeal, if necessary. Consequently, the complaint in this case nevertheless includes an allegation of manifest disregard. *See* Complaint ¶14.

*vacatur*) required those courts to resolve questions of federal law. Here, deciding whether the arbitrator acted "in excess of authority" (a statutorily specified basis for *vacatur*) requires this Court to determine whether the arbitrator's assertion of federal preemption as the basis for his *authority* to determine the amount of attorneys' fees is a correct application of federal law. Common to all of these cases is the principle that, if resolving a claim to vacate an arbitration award requires consideration of federal law, then there is federal question subject matter jurisdiction.

Here, the scope of the arbitrator's authority to determine the amount of attorneys' fees is defined by the parties' express written agreement that construction and enforcement of the Operating Agreement, including related controversies, was to be determined by Florida law. In contravening Florida law and proceeding to determine the amount of attorneys' fees to be awarded to the defendants, the arbitrator relied on federal law for his authority. Therefore, in order to determine whether the arbitrator exceeded his authority – which he did under Florida law – this Court must determine whether the FAA preempts the Florida statute providing for judicial determination of attorneys' fees in arbitration cases. This is clearly a "substantial" issue of federal law, as sustaining the Final Award in this respect would mean that the Florida statute providing for the amount of attorneys' fee awards to be determined exclusively by a court is preempted in all circumstances, and is, therefore, a nullity.

In that respect, this case is identical to one of the cases relied upon by the arbitrator in the Final Award for authority to determine the amount of attorneys' fees that should be awarded: *Mastrobono v. Shearson Lehman Hutton*, 514 U.S. 52 (1995). In *Mastrobono*, the federal district court vacated an arbitration award that included punitive damages, based on the parties' adoption of New York law in their agreement, which prohibited an arbitrator from awarding punitive

damages. The district court rejected the successful arbitration claimants' argument that New York law was preempted by the FAA. 514 U.S. at 54-55. That decision was affirmed on appeal. *Id*. The Supreme Court reversed, ruling that the FAA preempted the New York statute. *Id*. at 62. What apparently was not contested – or even examined in the case at any level - - was the plaintiff's allegation of federal question subject matter jurisdiction that gave all of the federal courts authority to consider the preemption question raised by Mastrobono and decide the case.[6] *Mastrobono* is identical to the case now before this Court in that respect. That is, in *Mastrobono* the federal question was whether the FAA preempted the New York statute prohibiting arbitrators from awarding punitive damages, where the award sought to be vacated included punitive damages. In the present action, the federal question is whether the FAA preempts the Florida statute reserving to the courts authority to determine the amount of attorneys' fees awarded to the prevailing party, where the award Jackson seeks to vacate includes attorneys' fees. In both cases, the arbitrator's authority to make a certain type of award, notwithstanding contrary state law, was at issue, and the resolution of that issue turns on interpretation and application of federal law and its preemptive effect on Florida law.

**III. Conclusion**

The complaint asks this Court to determine whether the arbitrator had authority to determine the amount of attorneys' fees he awarded to the defendants. Because the arbitrator relied on purported federal preemption of the state law denying him such authority, this Court, like the federal courts in the *Mastrobono case,* must address a federal question to determine whether that portion of the award should be vacated. For that reason, the complaint properly invokes the Court's jurisdiction under 28 U.S.C. §1331.

---

[6] The District Court's docket sheet in *Mastrobono* indicates federal question as the alleged basis for the court's jurisdiction.

                                            Respectfully submitted,

Dated: August 23, 2013                    SHUTTS & BOWEN LLP

                                        By: /s/ _____

                                              John F. Mariani, Co-Counsel for Plaintiff
                                              Fl Bar No.: 263524
                                              JMariani@Shutts.com
                                              525 Okeechobee Boulevard
                                              1100 CityPlace Tower
                                              West Palm Beach, FL  33401
                                              Telephone: 561-835-8500
                                              Fax:          561-650-8530

                                        and

                                              Bruce Beckner, Co-Counsel for Plaintiff
                                              *(PHV pending)*
                                              bbeckner@gsblaw.com
                                              GARVEY SCHUBERT BARER
                                              1000 Potomac Street, N.W., Fifth Floor
                                              Washington, DC  20007-3592
                                              Telephone:  202 965 7880
                                              Fax:          202 965 1729

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on August 23, 2013, a true and correct copy of the foregoing was filed using the Clerk's CM/ECF system which will send a notice of electronic filing to: **(i)** Kristin M. Ahr, Esq., kahr@broadandcassel.com, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Mark F. Raymond, Esq., mraymond@broadandcassel.com, Rhett Traband, Esq., rtraband@broadandcassel.com, Broad and Cassel, One Biscayne Tower, 21st Floor, 2 S. Biscayne Blvd., Miami, FL 33131 and Dennis K. Egan, Esq., degan@kotzsangser.com, Lynn A. Sheehy, Esq., lsheehy@kotzsangster.com, Kotz Sangster Wysocki, P.C., 400 Renaissance Center, Suite 3400, Detroit, Michigan 48243, *Attorneys for Sleek Audio, LLC, Mark Krywko, Michael Krywko, Jason Krywko, and Gregory Wysocki*.

                                                        SHUTTS & BOWEN LLP

                                                        By: s/_____

                                                           John F. Mariani
                                                           Florida Bar No.: 263524

# SERVICE LIST

**Counsel for Defendants**

Kristin M. Ahr, Esq. (063290)
kahr@broadandcassel.com
Broad and Cassel
One North Clematis Street, Suite 500
West Palm Beach, FL  33401
Telephone:  561-832-3300
Facsimile:   561-655-1109

Mark Raymond, P.A. (373397)
mraymond@broadandcassel.com
Rhett Traband, PA (0028894)
rtraband@broadandcassel.com
Broad and Cassel
One Biscayne Tower, 21st Floor
2 S. Biscayne Blvd.
Miami, FL  33131
Telephone: (305) 373-9400
Facsimile:  (305) 373-9443

Dennis K. Egan (pro hac vice)
degan@kotzsangster.com
Lynn A. Sheehy (pro hac vice)
Kotz Sangster Wysocki, P.C.
400 Renaissance Center, Suite 3400
Detroit, Michigan 48243
*Attorneys for Sleek audio, LLC, Mark Krywko, Michael Krywko, Jason Krywko and Gregory Wysocki*

WPBDOCS 8338566 1