UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80725-CIV-MARRA

CURTIS J. JACKSON, III,

    Plaintiff,
vs.

SLEEK AUDIO, LLC, MARK KRYWKO
MICHAEL KRYWKO, JASON KRYWKO
and GREGORY WYSOCKI,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Sleek Audio , LLC, Mark Krywko, Michael Krywko, Jason Krywko, and Gregory Wysocki's Motion to Dismiss (DE 15) and Motion to Remand (DE 39). The Motions are briefed and ripe for review. For the reasons stated below, the Motions (DE 15 and 39) are **GRANTED**.

### I. Background

Plaintiff, Curtis J. Jackson, III ("Jackson"), and Defendants Sleek Audio , LLC, Mark Krywko, Michael Krywko, Jason Krywko, and Gregory Wysocki (collectively "the Sleek Defedants") were engaged in a business venture, which resulted in a dispute. Pursuant to the parties' agreement, the dispute was arbitrated. The arbitrator ruled in favor of the Sleek Defendants and awarded them attorney's fees.

On July 26, 2013, Jackson filed his Complaint for an Order Vacating Arbitration Award in this Court due to the violations of Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), and Sections 682.11 and 682.13 of the Florida Statutes. (DE 1). On July 29, 2013, the Sleek Defendants filed the Petition to Confirm Arbitration Award in the Circuit Court for the

Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("the Sleek action"). Jackson removed the Sleek action to this Court citing federal question, 28 U.S.C. § 1331, as the basis for jurisdiction. (DE 1). The two cases were consolidated. (DE 35).

The Sleek Defendants moved to dismiss Jackson's action to vacate the award (DE 15) and to remand the Sleek action to confirm the award (DE 39) because this Court lacks subject matter jurisdiction. The Sleek Defendants and Jackson agree that there is no diversity of citizenship between the parties. Likewise, there is no dispute that the FAA cannot serve as the basis for federal question jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 n. 32 (1983).

## II. Legal standard

With respect to removal, "[t]he rule of construing removal statutes strictly and resolving doubts in favor of remand, . . . , is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006) (citing *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002)). "A removing defendant," in this case Jackson, "bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447 (West).

With respect to the motions to dismiss for lack of subject matter jurisdiction, the Eleventh Circuit has said:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion' . . . 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,

such as testimony and affidavits, are considered.'

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).

Here, Defendants are not challenging jurisdiction irrespective of the pleadings. Thus, the attack is facial. When the attack is facial, the standard is similar to the one employed under Rule 12(b)(6), and all well-pleaded allegations in the complaint are taken as true. *Id.* Ordinarily, the review on a motion to dismiss is limited to the complaint and the attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, the Court may consider the materials incorporated into the complaint by reference. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1076 n. 9 (11th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Thus, the Court may consider the Final Arbitration Award, which Jackson is seeking to overturn, and which is referenced in the Complaint.

### III. Discussion

Jackson argues that under Section 682.11 of the Florida Statutes only a court may award attorney's fees, and that the arbitrator lacked the authority to do so. Jackson also argues that the governing Operating Agreement required application of Florida law. Further, Jackson contends that the arbitrator relied on the FAA's preemption of Florida law in finding authority to award attorney's fees in contravention of the Florida Statutes.[1] According to Jackson, the issue of preemption forms the basis of the federal question jurisdiction. The Sleek Defendants contend that the arbitrator did

---

[1] The arbitrator said:
Jackson argues that under Section 682.11 of the Florida Arbitration Code, a court and not the arbitrator has exclusive jurisdiction to determine the amount of attorneys' fees to be awarded in an arbitration unless there is an "express waiver" of this statutory right, citing Turnberry Associates v. Service States Aid, Inc., 651 So.2d 1173, 1175 (Fla. 1995). However, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and not the Florida Arbitration Code govern this case. See, e.g., Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52 (1995); Southland Corp. v. Keating, 465 U.S. 1, 104 (1984).
Final Award, p. 5.

not rely on preemption, and that, even if he did, jurisdiction cannot be based only on preemption of the state law by the FAA. The Court agrees with the Sleek Defendants.

Only complete preemption may convert state claims into federal statutory claims and serve as a basis for federal question jurisdiction. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). In contrast, conflict preemption is only a defense, and does not confer jurisdiction. *Id.* at 1344.

The FAA does not completely preempt state law. *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 477 (1989) ("The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration"); *see also Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012) ("[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA"). Thus, preemption by the FAA is not an independent basis for jurisdiction. *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001) (the FAA's alleged preemption of state statute did not confer jurisdiction).

Jackson's reliance on *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22 (2d Cir. 2000) and *Francis v. Landstar Sys. Holdings, Inc.*, 3:09-CV-238-J-32JRK, 2009 WL 4350250 (M.D. Fla. Nov. 25, 2009) is misplaced. The allegations in both of those cases were that the arbitrators misapplied federal law. *Greenberg*, 220 F.3d at 27 ("where, as here, the petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition;" the same concerns are not present when the arbitration process itself, such as an arbitrator's abuse of power, is challenged); *Francis*, 2009 WL 4350250 at *5 (citing *Greenberg*). Here, Jackson cites disregard

of Florida law as a basis for vacating the award. Jackson also challenges the arbitration process. There is no federal question or interest in these claims.

Lastly, Jackson's reliance on *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) is equally misplaced. In *Mastrobuono*, the Supreme Court held that in the absence of contractual intent to the contrary, the FAA preempted New York's rule which empowered only the courts and not the arbitrators to award punitive damages. 514 U.S. at 55, 59. Jackson argues that because jurisdiction existed in *Mastrobuono*, jurisdiction must exist in this case. However, *Mastrobuono* came before the courts in a procedurally different manner. There, plaintiffs filed suit alleging federal and state law claims; the district court compelled arbitration; and defendants filed a motion to vacate the award of punitive damages. *Mastrobuono v. Shearson Lehman Hutton Inc.*, 812 F. Supp. 845, 846 (N.D. Ill. 1993) aff'd, 20 F.3d 713 (7th Cir. 1994) rev'd, 514 U.S. 52 (1995); *Mastrobuono*, 514 U.S. at 54. Here, there is no underlying suit with an independent basis for jurisdiction. Therefore, this Court lacks subject matter jurisdiction over both actions.

The Sleek Defendants ask the Court to award them attorney's fees incurred as a result of the removal because Jackson lacked an objectively reasonable basis for removing the Sleek action. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447 (West). The statute does not create a bias either for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, the Court finds that Jackson did not have an objectively reasonable basis for removal

and should pay Sleek's just costs, including attorney's fees, incurred as a result of the removal because none of Jackson's arguments in favor of jurisdiction were colorable.  Because this award has been requested and is being made under the removal statute, it will not include costs or fees associated with Jackson's suit to vacate the award and with the Motion to Dismiss filed in that case.  The Court notes that the Motion to Dismiss was filed first, and that the Motion to Remand repeats some of the arguments.

### IV. Conclusion

Accordingly, Defendants' Motion to Dismiss (DE 15) is **GRANTED**.  Jackson's Complaint for an Order Vacating Arbitration Award (DE 1) is **DISMISSED WITHOUT PREJUDICE**.  Defendants' Motion to Remand (DE 39) is likewise **GRANTED**.  This case (the case originally styled *Sleek Audio, LLC v. Curtis J. Jackson, III*, 13-cv-80881) is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Jackson shall pay the Sleek Defendants' reasonable costs, including reasonable attorney's fees, incurred as a result of the removal.  Unless the parties agree on the amount of fees, Sleek shall file a motion and documentation supporting reasonableness of the fees within 30 days from the date of this Order.

All pending motions are **DENIED AS MOOT**.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of March, 2014.

KENNETH A. MARRA
United States District Judge